# ROBERT M LIECHTY PC

**ATTORNEY AT LAW**
1800 GAYLORD ST.
DENVER, COLORADO 80206

**ROBERT M. LIECHTY**

TELEPHONE 303-861-5300
RLIECHTY@CROSSLIECHTY.COM

January 25, 2023

Mr. Christopher Wolpert
Clerk of the Court
1823 Stout Street
Denver, CO 80257-1823.

*Re:*   *Jordan v. Jenkins, et al,* case no. 22-1154

Dear Mr. Wolpert,

This is a citation of supplemental authority under Rule 28(j) – the argument in this case was on January 17, 2023. The following authority refers to the Opening Brief, pages 16-17, and to the point in the oral argument regarding the reason for why the officers arrested Mr. Jordan. See *Fogarty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008), which concerns the arrest of a war protester:

> [O]ur determination on this score [whether there was probable cause for the arrest] is an independent and objective one. Thus an officer's own subjective reason for the arrest is irrelevant …
>
> * * * * *
>
> Although [plaintiff] Fogarty states that an APD officer told him during his arrest that he was being charged with "inciting a riot," this evidence of an officer's subjective belief does not affect our inquiry. Instead, we concern ourselves only with whether Fogarty's conduct, as viewed objectively and in the light most favorable to Fogarty, could establish probable cause to believe he had engaged in disorderly conduct.

Hence, the reason for the arrest (because Mr. Jordan was criticizing the officers or because he was interfering with the officers) is an objective inquiry on either score. Taking the facts objectively and in the light most favorable to Mr. Jordan, he could have been arrested for criticizing the officers, which is prohibited under *City of Houston v. Hill*.

Very truly yours,

**ROBERT M LIECHTY PC**

Robert M. Liechty

cc   Michael Sink, msink@adcogov.org